# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2021

No. 20-50365
Summary Calendar

Lyle W. Cayce
Clerk

Ricky Escobedo,

*Plaintiff—Appellant*,

*versus*

Katherine R. Gutierrez, *Special Agent of the Federal Bureau of Investigation*; Brian J. Onofre, *Special Agent with (TFO) of the Federal Bureau of Investigation*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-239

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ricky Escobedo, federal prisoner # 89282-380, moves to proceed in forma pauperis (IFP) to appeal the denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim. Escobedo had alleged that the defendants, both special agents with the Federal Bureau of Investigation, were responsible for several unconstitutional searches and seizures of his personal property.

By moving to proceed IFP in this court, Escobedo is challenging the district court's certification that an appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's "inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Escobedo has failed to identify any errors in the district court's analysis and, thus, it is as if he has not challenged the district court's judgments. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although this court liberally construes pro se filings, even pro se litigants must brief arguments to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Escobedo has therefore failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *See Howard*, 707 F.2d at 220 (internal quotation marks and citation omitted). Escobedo's appeal is without arguable merit and is frivolous. *See id.* at 219-20. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Escobedo's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290-92 (5th Cir. 2017). The dismissal of this appeal as frivolous also counts as a strike. *See* § 1915(g); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Escobedo is WARNED that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained

No. 20-50365

in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.